UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SONNY OKPALOBI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2368** |
| **UNITED PARCEL SERVICE, INC.** | **SECTION L (1)** |

**ORDER & REASONS**

Before the Court is Defendant's motion to dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 10. Plaintiff opposes the motion. R. Doc. 12. Defendant replied. R. Doc. 13. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

## I. BACKGROUND

This suit arises out of alleged unlawful employment discrimination. R. Doc. 1. Plaintiff Sonny Okpalobi, who is 69 years old, avers that Defendant, United Parcel Service Inc., engaged in "discriminatory practices and policies" on the basis of Plaintiff's "age, race, and/or national origin." *Id.* at 2. The alleged discrimination includes: "(1) hiring plaintiff and reducing his pay by not placing him on the schedule and never calling him back to work; (2) constructively firing plaintiff by refusing to put him on the schedule and never calling him back to work after calling him too old and too slow; and (3) failing to take corrective action for the mistreatment of the plaintiff." *Id.* Plaintiff also alleges that Defendant "unlawfully discriminated against the plaintiff by constructively firing him in retaliation for complaining about the treatment of him by his supervisors." *Id.* at 3. Plaintiff brings claims under Title VII and the Age Discrimination in Employment Act ("ADEA"). *Id.* He seeks back pay, reinstatement, and punitive damages. *Id.*

## II. PRESENT MOTION

Defendant moves to dismiss Plaintiff's suit. R. Doc. 10. First, it maintains that to the extent that Plaintiff brings (1) a retaliation claim or (2) a discrimination claim on the basis of race or

1

national origin, he has failed to administratively exhaust such claims. R. Doc. 10-1 at 4. It points to Plaintiff's EEOC charge which states in full:

> I was hired by UPS on October 11, 2023, most recently as Permanent Mail Handler earning $21.00 per hour. On October 18, 2023, I was sent home because work was slow, and I was not re-instated into my position. The company employs over 15 persons.
> According to the company I was laid off due to short work.
> I believe I have been discriminated against because of my age in violation of The Age Discrimination in Employment Act of 1967.

R. Doc. 10-2 at 2. Defendant maintains that this charge makes no mention of discrimination based on race or national origin, nor does it make any allegation of unlawful retaliation. R. Doc. 10-1 at 4.

Second, Defendant contends that Plaintiff has not alleged enough facts to adequately support his age discrimination claim. *Id.* It notes that the Complaint does not identify which particular supervisor called Plaintiff "too old" and "too slow." *Id.* at 5. Further, it notes that Plaintiff states in his EEO charge that he was "sent home because work was slow" *Id.* Defendant thus argues that the charge itself facially shows that Plaintiff was discharged at least in part based on permissible reasons—a shortage of available work—rather than unlawful age discrimination. *Id.*

Plaintiff responded to the motion. R. Doc. 12. He concedes that he failed to allege discrimination on the basis of race or national origin in his EEOC charge and makes no argument in support of preservation of these claims. *Id.* at 2. Similarly, he makes no mention or argument as to the viability of his retaliation claim. *Id.* However, Plaintiff does maintain that he has plead a viable age discrimination claim. *Id.* He explains that he was "hired through the rigorous UPS hiring process" and "worked for two days." *Id.* Thereafter, he was "told by a supervisor that he was 'too old and too slow'" after which he was "never put back on the schedule." *Id.* He avers that these statements allege all the required elements of an age discrimination claim. *Id.* at 3.

Defendant replied. R. Doc. 13. It argues that even if a supervisor indeed told Plaintiff that he was "too old and too slow," Plaintiff's EEO charge also mentioned that "work was slow." *Id.* at 2.

Thus, it maintains that "at most," Plaintiff has plead a "mixed-motive" theory of discrimination, which is not cognizable because the ADEA requires but-for causation. *Id.* Further, Defendant avers that although Plaintiff now asserts in his briefing that he was "qualified" because he was hired through the "rigorous UPS hiring process," such an allegation is missing from the Complaint itself. *Id.* at 3. Further, it argues that this is insufficient to adequately plead that Plaintiff was qualified. *Id.*

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### IV. DISCUSSION

Here, Defendant seeks dismissal on two bases: (1) failure to exhaust administrative remedies as to Plaintiff's retaliation claim and race and national origin-based discrimination claims and (2) failure to adequately plead an age-discrimination claim. The Court takes each in turn.

3

### A. Plaintiff Has Failed to Administratively Exhaust His Claim for Retaliation and His Claims for Discrimination on the Basis of Race and National Origin.

"To bring a claim under Title VII, a plaintiff must first exhaust her administrative remedies. To do so, she must file a charge with the EEOC that identifies the employment practices she is challenging." *Jones v. City of Dallas, Texas*, No. 3:16-CV-2303-S, 2018 WL 2417853, at *2 (N.D. Tex. May 29, 2018). Plaintiff concedes that he failed to allege national origin or race-based discrimination in his EEOC charge. Accordingly, these claims must be dismissed for failure to exhaust administrative remedies. *See Johnson v. Harrah's Ent., Inc.*, No. CIV.A.04-331, 2005 WL 3541139, at *4 (E.D. La. Nov. 16, 2005) (dismissing Plaintiff's claim for discrimination based on race where he alleged only age discrimination in his only EEO charge).

Further, Plaintiff makes no attempt to refute Defendant's argument that he has not administratively exhausted his retaliation claim. "[D]iscrimination and retaliation claims are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other." *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009). To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action. *Stewart v. Miss. Transp. Commission,* 586 F.3d 321, 331 (5th Cir. 2009). An employee has engaged in protected activity if he or she has: (1) opposed any practice made an unlawful employment practice by the statute; or, (2) made a charge, testified, assisted or participated in any manner in a Title VII investigation, proceeding or hearing. *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 140 (5th Cir. 1996).

The Court has reviewed Plaintiff's EEO charge and finds that it makes no allegation that Plaintiff engaged in "protected activity" within the meaning of Title VII. Nor does Plaintiff allege that he was terminated on the basis of such activity. Rather, Plaintiff appears to bring a

4

straightforward age discrimination claim, as analyzed below. *See* R. Doc. 10-2 at 2. Accordingly, the Court finds that Plaintiff's retaliation claim must be dismissed. *See Killian v. Donahoe*, No. CIV.A. 14-1951, 2015 WL 225255, at *2 (E.D. La. Jan. 15, 2015) (dismissing Plaintiff's retaliation claim because although his EEO charge mentioned racial and disability discrimination, he "did not check the box next to 'retaliation'" and "did not allege any facts indicating that he experienced retaliation during his employment"); *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x. 917, 921-922 (5th Cir. 2009) ("Although [Plaintiff] filed a sex discrimination charge with the EEOC, she never referenced a possible claim for retaliation. While this court will read the EEO charge somewhat broadly to determine what EEOC investigations it can reasonably be expected to trigger, [Plaintiff's] failure to reference retaliation in the EEO charge defeats her retaliation claim.").

Overall, Plaintiff has not alleged any facts in his EEO charge which could underlie claims for retaliation or for discrimination based on race or national origin. Further, he makes no argument in support of the viability of these claims in his briefing on the instant motion. Therefore, the Court finds that the claims must be dismissed. "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 n.5 (5th Cir. 2004).

### B. Plaintiff has Adequately Plead an Age Discrimination Claim

Plaintiff's EEO charge indisputably raises an age discrimination claim. *See* R. Doc. 10-2 at 2 ("I believe I have been discriminated against because of my age."). "To establish an ADEA claim, the plaintiff must show that his age was the 'but-for' cause of his termination—proving that age was a 'motivating factor' for the decision is not enough." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019). "A plaintiff may prove that age was a but-for cause of his firing with direct or indirect evidence." *Id.* "Direct evidence of discrimination . . . prove[s] the

5

existence of a fact . . . without any inferences or presumptions." *Id.* (quoting *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). "Most often, direct evidence takes the form of a discriminatory statement directly connected to the plaintiff's discharge." *Id.*

Alternatively, plaintiffs can use "indirect evidence," which is analyzed through the *McDonnell Douglas* burden shifting scheme. *Id.* That is, the plaintiff must prove a *prima facie* case, including that he: (1) is within the protected class; (2) is qualified for the position; (3) suffered an adverse employment decision; and (4) was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013). In the context of a Federal Rule 12(b)(6) Motion to Dismiss, a plaintiff need not plead a *prima facie* case to state a plausible claim of age discrimination. *See Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016). However, the *prima facie* elements provide useful guideposts to analyze the sufficiency of the allegations. *Id.*

Here, the Court finds that Plaintiff has plead sufficient facts to allege a viable age discrimination claim under either the "direct evidence" or the "indirect evidence" theory of discrimination. *Id.* First, as to the "direct evidence" method, Plaintiff alleges that an employee of Defendant fired Plaintiff after "calling him too old and too slow." R. Doc. 1 at 2. At the motion to dismiss stage, this allegation is sufficient to state a plausible claim of direct discrimination. *See Wheeler v. Gables Residential Servs., Inc.*, No. 3:17-CV-0449-G, 2017 WL 2289188, at *2 (N.D. Tex. May 25, 2017) (denying defendant-employer's motion to dismiss where the plaintiff alleged that in connection with his termination, another employee told him that he was "getting too old" to do his job).

Alternatively, Plaintiff pleads sufficient facts to state a claim by way of indirect evidence and the *McDonnell Douglas* framework. First, the protected class includes individuals who are at least forty years old. See 29 U.S.C. §§ 631(a), 633a(a). Plaintiff satisfies this requirement, as he alleges

6

that he is 69 years old. R. Doc. 1 at 1. Second, Plaintiff alleges that he was in fact hired for the position. At the motion to dismiss stage, this suffices to allege that Plaintiff was qualified, especially given that a plaintiff need not plead each element of the *prima facie* case with precision. *See Chhim*, 836 F.3d at 470. Third, as to the "adverse employment action," Plaintiff alleges that he was constructively discharged by not being placed on the schedule for further shifts. Finally, Plaintiff's allegation that he was called "too old and too slow" in connection with his discharge is sufficient to state a claim that he was treated less favorably than younger employees.

Defendant's arguments in opposition are unavailing. Although it notes that Plaintiff fails to allege the identity of the particular person who made the comment that Plaintiff was "too old and too slow," the Court observes that this information may be obtained in discovery. Plaintiff may not recall the name of the person in question, especially given that his employment lasted less than a week. R. Doc. 10-2. For now, Plaintiff's allegation that Defendant "never call[ed] him back to work after calling him too old and too slow" is sufficient. R. Doc. 1 at 2.

Next, Defendant argues that Plaintiff facially pleads "mixed motive" discrimination because his EEO charge states that he was "sent home because *work* was slow" as opposed to because of his age *alone.* R. Doc. 10-1 at 5. It notes that mixed-motive discrimination is not cognizable under the ADEA. *Id.* However, this argument is also unpersuasive. First, the phrase in question is itself ambiguous. Plaintiff may be merely summarizing the purported explanation for his discharge given to him by Defendant, or he may be explaining that he was discharged because his own performance of his tasks improperly deemed "too slow," as alleged in the Complaint. Moreover, the Court notes that "the EEO charge filed must be liberally construed because Title VII's provisions were not 'designed for the sophisticated,' and because most complaints are initiated *pro se*." *Ibrahim v. Equifax Workforce Sol.*, No. 20-3150, 2021 WL 1123561, at *2 (E.D. La. Mar. 24, 2021) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). The Court refuses to hold, at this early stage,

that Plaintiff has somehow unwittingly sabotaged his own case as a matter of law by unartfully drafting the EEO charge.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 10, is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in that the Court will dismiss without prejudice Plaintiff's retaliation claim and his claim for discrimination on the basis of race and national origin. The motion is **DENIED** in that the Court will not dismiss Plaintiff's claim for discrimination on the basis of age.

New Orleans, Louisiana on this 15th day of April, 2025.

                                              Eldon E. Fallon
                                     U.S. District Court Judge